Crozier, special J.
delivered the opinion of the court.
This is an action for a' forcible detainer, brought by the plaintiff in error, against the defendant, for the possession of the land in controversy. The defendant, George Bowser, had leased the land from one Blythe, who was a tenant of the plaintiff. After the determination of the lease to Blythe, George Bowser retained possession of the land by the tacit permission of the plaintiff, until the bringing of this suit.
On the trial of the cause the defendant resisted the recovery of the plaintiff on two grounds: First, that the plaintiff was stayor of execution on several judgments which had been obtained before a justice of the peace; that executions were finally issued against him and the original defendants in the judgments and levied on the land in dispute; that the executions and levies upon them were returned to the circuit court, and an order made to sell the land, which was purchased by Bucke-lew'^ánd Wells, and by them transferred to one Bach-man, who leased it to defendant. And secondly, that the plaintiff in error, previous to the announcement of his suit, had sold and transferred by deed, all his title to, and interest in the land, to Martha Bowser. Upon these facts, the circuit judge instructed the jury, “that *50 in order to fix the liability of John Bowser, as stayor of the executions, that the written order which it is alledged he addressed to the justice, directing his name to be entered as stayor, should be entered on the justice’s docket, or at least that the fact that he became stayor, should have been so entered, and that if the land was condemned to be sold by the order of the court, without any evidence appearing in the record that the said John Bowser thus legally became stayor of the judgments, the order of condemnation and the subsequent sale by the sheriff, would be null and void, and would communicate no title to the purchaser. He further instructed the jury, that if John Bowser, the plaintiff, had, by his own act, dissolved the relation of landlord and tenant, if such existed between him and the defendant, that it would be lawful for the defendant to attorn to another landlord. And in this view the jury might look to the deeds executed by John Bowser to Martha Bowser, whether or not the plaintiff had voluntarily ceased to be the landlord of the defendant, but said deeds could not be looked to as showing a better outstanding title. If the relation of landlord and tenant had ceased, it was competent for the defendant to show that fact, no matter what the form of the action in which he was sued.” We think there is no error in the foregoing charge to the jury. When this cause was before this court at its September term, 1847, in a slightly different aspect, the court then determined, (see 8 Hump, page 22,) that “the tenant may always show that his landlord’s title has expired, or that he has sold his interest in the premises, or that it is alienated from him by judgment and operation of law.” See, also, Wood vs. Turner, 8 Hump. 685. And these were the principles that were applied *51 to the facts of the case, by the circuit judge, in his charge to the jury.
But it is contended by the counsel for the plaintiff in error, that there is no proof in the case, that the justice of the peace had entered the name"of John Bowsei’, as stayor of the executions on his execution dockets, and that the subsequent proceedings thereon were null and void. This may be true, but as there is sufficient evidence in the record, to warrant the jury in finding for the defendant, on the ground that the plaintiff had transferred his title to the land in dispute, to Martha Bowser, and had thereby dissolved the relation of landlord and tenant between him and the defendant; we think there was no error in the circuit judge refusing to set aside the verdict of the jury and to grant a new trial.
The judgment of the circuit court will therefore be affirmed.